IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

HATTIE L. KING,

        Plaintiff,

vs.                        No. 11-2968-STA-dkv

SAMUEL H. MAYS, JR., et al.,

        Defendants.

---

ORDER ON PENDING MOTIONS
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL
ORDER IMPOSING RESTRICTIONS ON PLAINTIFF'S FILING PRIVILEGES
AND
ORDER IMPOSING RESTRICTIONS ON PLAINTIFF'S ACCESS TO THE BUILDING

---

On October 31, 2011, Plaintiff Hattie L. King, who was formerly a resident of West Memphis, Arkansas, filed a pro se complaint on the form used for commencing actions pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., accompanied by a motion seeking leave to proceed in forma pauperis. (ECF Nos. 1 & 2.)[1] Chief United States District Court Judge Jon Phipps McCalla issued an order on November 1, 2011, granting leave to proceed in forma pauperis. (ECF No. 3.) The Clerk shall record the defendants as United States District Judge Samuel H. Mays, Jr.; David Jacqua; Whitney Fogerty; Graham Askew; the law firm of

---

[1] Plaintiff's current address is a post office box in Memphis, Tennessee. (ECF No. 10.)

Butler, Snow, O'Mara, Stevens & Cannada, PLLC ("Butler Snow"), which was sued as "Snow, Butler & O'Mara LLC"; and the law firm of Jackson Lewis LLP ("Jackson Lewis").[2]

By way of background, Plaintiff has filed several lawsuits in federal court against her former employers, the UT Medical Group, Inc. ("UTMG") and the Regional Medical Center at Memphis ("The Med"). Defendants Jacqua and Askew are, or were, attorneys with Butler Snow who represented The Med in one of Plaintiff's suits, King v. The Regional Medical Center at Memphis, No. 09-2081-SHM-cgc (W.D. Tenn.).[3] Defendant Fogerty, an attorney with Jackson Lewis, represented UTMG in another suit filed by Plaintiff, King v. UT Medical Group, Inc., No. 09-2080-SHM-dkv (W.D. Tenn.).[4]

Plaintiff has filed several other lawsuits against The Med and UTMG and against the lawyers and judicial officers involved in case numbers 09-2080 and 09-2081. On November 3, 2009, Plaintiff filed a lawsuit against The Med and various other parties addressing an incident in which she was allegedly sprayed with a toxic chemical by a co-worker and her subsequent termination. In an order issued on December 30, 2009, Judge Mays dismissed the case

---

[2]     On February 10, 2012, Chief Judge McCalla recused himself. (ECF No. 7.) The case was reassigned to this judge on February 13, 2012. (ECF No. 8.)

[3]     On April 15, 2010, Judge Mays granted The Med's motion for summary judgment and dismissed the case. (Order Granting Def.'s Mot. for Summ. J., id., ECF No. 62.) Plaintiff's appeal was dismissed after she failed to pay the appellate filing fee. King v. Reg'l Med. Ctr. at Memphis, Nos. 10-5436/10-5527 (6th Cir. June 13, 2011).

[4]     On March 3, 2011, Judge Mays granted UTMG's motion for summary judgment and dismissed the case. (Order Granting Def.'s Mot. for Summ. J., id., ECF No. 142.) Plaintiff did not appeal.

<u>sua</u> <u>sponte</u> pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's Title VII claim against The Med was deemed to be duplicative of the Title VII claim asserted in case number 09-2081.[5] Plaintiff filed various motions for reconsideration, which were denied in an order issued on April 22, 2010.[6] Plaintiff did not appeal.

On February 1, 2010, Plaintiff filed four lawsuits arising from the same facts at issue in her prior suits. Defendants Askew and Jacqua represented The Med in <u>King v. Regional Medical Center at Memphis</u>, No. 10-2093-STA-cgc (W.D. Tenn.).[7] The case was dismissed on March 14, 2011, for failure to state a claim on which relief may be granted.[8] Plaintiff's appeal was dismissed for failure to pay the appellate filing fee.[9]

Plaintiff's third suit filed on February 1, 2010, <u>King v. Regional Medical Center at Memphis</u>, No. 10-2094 (W.D. Tenn.), was

_____

[5]    (Order at 7, <u>King v. Reg'l Med. Ctr. at Memphis</u>, No. 09-2718-SHM-tmp (W.D. Tenn.), ECF No. 3.)

[6]    (Order Denying Pl.'s Mots. for Recons., <u>id.</u>, ECF No. 11.)

[7]    On April 8, 2010, Plaintiff filed a motion in <u>King v. The Med, Regional Medical Center</u>, No. 10-2095-BBD-tmp (W.D. Tenn.), another case filed by Plaintiff on February 1, 2010, seeking to consolidate that case with case number 10-2093. On May 27, 2010, then-United States District Judge Bernice B. Donald ordered that the cases be consolidated and case number 10-2095 be closed.

[8]    (Order Dismissing Claims Against Def. Hayden Without Prejudice, Denying Mot. to Dismiss, Screening Am. Compl., & Order of Dismissal, <u>King v. Regional Medical Center at Memphis</u>, No. 10-2093-STA-cgc (W.D. Tenn.), ECF No. 24.)

[9]    (<u>King v. Reg'l Med. Ctr. at Memphis</u>, No. 11-5467 (6th Cir. Dec. 8, 2011).)

dismissed on June 24, 2010 for failure to state a claim.[10] Plaintiff did not appeal.

In the fourth suit filed on February 1, 2010, King v. UT Medical Group, Inc., No. 10-2096-SHM-tmp (W.D. Tenn.), Plaintiff sued UTMG, Defendant Fogerty, and Chief Judge McCalla. On May 13, 2010, Judge Mays dismissed the action as frivolous and for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), and dismissed the claim against Judge McCalla pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).[11] Judgment was entered on May 14, 2010. Plaintiff filed a post-judgment motion, which Judge Mays denied on July 21, 2010.[12] Plaintiff's appeal was dismissed because the notice of appeal was not timely filed. King v. UT Med. Group, Inc., No. 10-5889 (6th Cir. Oct. 18, 2010), reh'g denied (6th Cir. Jan. 21, 2011), cert. denied, ___ U.S. ___, 131 S. Ct. 2159, 179 L. Ed. 2d 943 (2011), reh'g denied, ___ U.S. ___, 132 S. Ct. 54, 180 L. Ed. 2d 922 (2011).

On June 7, 2010, Plaintiff filed a complaint under 42 U.S.C. § 1983 against Judge Mays, Chief Judge McCalla, Defendant Askew, and Defendant Fogerty, which was docketed as King v. Mays, No. 10-2424-JDT-dkv (W.D. Tenn.). On July 27, 2010, Senior United States District Judge James D. Todd dismissed the complaint, sua

---

[10]    (Order, King v. Reg'l Med. Ctr. at Memphis, No. 10-2094 (W.D. Tenn.) id., ECF No. 24.)

[11]    (Order Denying Mot. to Amend & Order of Dismissal, King v. UT Med. Group, Inc., No. 10-2096-SHM-tmp (W.D. Tenn.), ECF No. 11.)

[12]    (Order Denying Pl.'s Mot. to Expedite and Order Precluding Further Filings in this Closed Case, id., ECF No. 14.)

sponte, under 28 U.S.C. § 1915(e)(2)(B)(ii) and dismissed the claims against Judge Mays and Chief Judge McCalla pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).[13] Plaintiff's appeal was dismissed after she failed to pay the filing fee. King v. Mays, No. 10-5984 (6th Cir. June 6, 2011).

On September 17, 2010, Plaintiff filed King v. Tennessee Department of Labor & Workforce Development, No. 10-2678-BBD-tmp (W.D. Tenn.), which was largely duplicative of case number 09-2718. On October 18, 2010, Judge Donald dismissed the case, sua sponte, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[14] Judgment was entered on October 19, 2010. Plaintiff did not appeal.

Plaintiff's Complaint in the instant case, which was filed on the form for Title VII suits, is largely unintelligible. Plaintiff seeks relief under Rules 59 and 60 of the Federal Rules of Civil Procedure from the judgments entered in her previous suits. Plaintiff also cites various bankruptcy rules. The grounds for relief are not clearly specified. (ECF No. 1.)

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action —

(i)      is frivolous or malicious;

(ii)     fails to state a claim on which relief may be granted; or

---

[13]    (Order of Dismissal, King v. Mays, No. 10-2424-JDT-dkv (W.D. Tenn.), ECF No. 5.)

[14]    (Order of Dismissal, King v. Tenn. Dep't of Labor & Workforce Dev., No. 10-2678-BBD-tmp (W.D. Tenn.), ECF No. 5.)

(iii)     seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79, 129 S. Ct. 1937, 1949-50 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679, 129 S. Ct. at 1950; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would ipso facto

6

fail to state a claim upon which relief can be granted." <u>Hill</u>, 630 F.3d at 470 (internal citation omitted).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness.

<u>Id.</u> at 471 (internal citations & quotation marks omitted).

"<u>Pro</u> <u>se</u> complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." <u>Williams</u>, 631 F.3d at 383 (internal quotation marks omitted). <u>Pro se</u> litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. <u>Wells v. Brown</u>, 891 F.2d 591, 594 (6th Cir. 1989), <u>reh'g denied</u> (Jan. 19, 1990); <u>see also</u> <u>Brown v. Matauszak</u>, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); <u>Payne v. Secretary of Treas.</u>, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming <u>sua</u> <u>sponte</u> dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); <u>cf.</u> <u>Pliler v. Ford</u>, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges have

no obligation to act as counsel or paralegal to pro se litigants."); <u>Young Bok Song v. Gipson</u>, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."), <u>cert. denied</u>, ___ U.S. ___, 132 S. Ct. 461 (2011).

Plaintiff's original Complaint does not assert any plausible claim for relief against any party and does not comply with the Federal Rules of Civil Procedure. In particular, Rule 8(a) requires that "[a] pleading that states a claim for relief" contain (1) "a short and plain statement of the grounds for the court's jurisdiction" and (2) "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) provides as follows:

> A party must state its claim or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count.

<u>See also</u> Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct."). Plaintiff's complaint consists of legal conclusions unsupported by factual allegations. It is, therefore, insufficient to state a claim on which relief may be granted.

The Complaint was filed on the Title VII form, yet Plaintiff was never employed by any of the Defendants.

Plaintiff's claims against Defendant Mays arise from his conduct as a judge in case numbers 09-2080, 09-2081, and 09-2718. All such claims are barred by absolute judicial immunity. See Mireles v. Waco, 502 U.S. 9, 12, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 359-60, 98 S. Ct. 1099, 1106, 55 L. Ed. 2d 331 (1978); Pierson v. Ray, 386 U.S. 547, 553-54, 87 S. Ct. 1213, 1217-18, 18 L. Ed. 2d 288 (1967); DePiero v. City of Macedonia, 180 F.3d 770, 783-84 (6th Cir. 1999); Barnes v. Winchell, 105 F.3d 1111, 1115 (6th Cir. 1997); King v. Love, 766 F.2d 962, 965 (6th Cir. 1985).

A motion pursuant to Federal Rule of Civil Procedure 59 or 60 must be filed in the case to which it refers. Plaintiff cannot circumvent the time limitations in those rules by filing independent actions for relief for judgment.

Therefore, the Court DISMISSES Plaintiff's original complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii).

On December 14, 2011, Plaintiff filed a 21-page document, entitled "Judicial Acts for Felony Coverup(s) Of Criminal Activities 31 USC 1351." (ECF No. 4.) In that document, which is largely incomprehensible, Plaintiff complains that Judge Mays declined to recuse himself and that her motions to consolidate case numbers 09-2080 and 09-2081 were denied. (Id. at 1-2.) Plaintiff also complains of alleged misconduct by Defendant Whitney at a discovery deposition in 2009. (Id. at 2.) That document also

9

purports to add Judge Donald as a defendant. (Id. at 5.) This document appears to be a petition for a writ of mandamus rather than an amendment to the complaint. (See id. at 19.) This Court is not authorized to rule on judicial misconduct complaints against other district judges or on attorney misconduct complaints. Plaintiff's application for a writ of mandamus is DENIED. To the extent the filing is construed as seeking leave to amend, the motion is DENIED.

On January 13, 2012, Plaintiff filed a document, titled "Request for Protective Decree and Removal to Bankruptcy Court Under (SIPA) and (SIPC) 15 USC 78 eee (b)(2); 15 USC 78 aaa et. Seq; and 11 USC 362; 11 USC 742...etc. in part of written contract or its remainder in full force effects." (ECF No. 5.) This document, like the others in this case, is incomprehensible. It appears that Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Tennessee on December 1, 2011.[15] On January 31, 2012, Chief United States Bankruptcy Judge David S. Kennedy denied a discharge and dismissed the petition with prejudice.[16] The case was closed on February 16, 2012.[17] Because Plaintiff's bankruptcy case has been dismissed with prejudice, the instant motion is DENIED.

---

[15]    (Chapter 7 Voluntary Pet., In re King, No. 11-32805-K (Bankr. W.D. Tenn.), ECF No. 1.)

[16]    (Order Denying Discharge Pursuant to 11 U.S.C. § 727(a)(8) & Fed. R. Bankr. P. 4004 and Dismissing Chapter 7 Case With Prejudice Pursuant to 11 U.S.C. §§ 707(a), 109(g) and 349(a), id., ECF No. 40.)

[17]    (Order Closing Case, id., ECF No. 43.)

10

On January 31, 2012, Plaintiff filed a document, titled "Motion for 'Status Update' and or 'Conference Call' to All Partes......Redress of Emergency Relief Ex Parte Along With "Reiniterate" [sic] Request Ex Parte Relief Under Rule 50(B) and Rule 60 of the Following.........(written EEOC's Contract that's in place within this Court)." (ECF No. 6.) That document, like the others filed in this case, is incomprehensible. To the extent Plaintiff seeks the status of the case, her motion is GRANTED. Her motion is otherwise DENIED because the case will be dismissed for the reasons stated <u>supra</u>.

On February 21, 2012, Plaintiff filed a document, titled "2nd Request for '<u>Entitled</u>' Relief with Prejudgment Interest." (ECF No. 9.) Because this case with be dismissed for the reasons stated <u>supra</u>, this motion is DENIED.

On February 24, 2012, Plaintiff filed a document, titled "Amend Leave," that presumably seeks leave to amend. (ECF No. 11.) The proposed amendment is, if anything, more indecipherable than the previous filings. It is possible that Plaintiff seeks to add the City of Memphis and its mayor, AC Wharton, Jr., as additional parties. Although litigants ordinarily are entitled to amend their complaints before they are screened, leave to amend is DENIED in this case because the amendment is incomprehensible, fails to state a plausible claim against any party, and does not tie the City of Memphis or Mayor Wharton to the claims alleged in the original complaint.

On February 28, 2012, Plaintiff arrived before the Court, uninvited, when court was in session to ask about the status of the case. (ECF No. 12.) Plaintiff was instructed that it is inappropriate for her to attempt to make ex parte contact with the judge presiding over her case, and she was instructed not to do so in the future.

On March 15, 2012, Plaintiff filed a document, titled "Reconsideration to Amendment Leave and to Add (Correction)." (ECF No. 13.) This document is similar to the document filed on February 24, 2012. For the reasons stated previously, leave to amend is DENIED.

On March 15, 2012, Plaintiff appeared before the Court for a second time, uninvited, to inquire about the case. (ECF No. 14.) Plaintiff was again instructed that her personal appearances before the Court are not appropriate. The Court admonished Plaintiff that she should not attempt to contact any judicial officer or court staff about her case and that, if she continued to do so, her access to the courthouse might be restricted.

On March 21, 2012, Plaintiff filed a document, titled "Amend to Add and Amend to Leave with 'Demand' to Rule of Merits within this Court." (ECF No 15.) This document asserts that two Memphis police officers were called to the scene while Plaintiff was attempting to enter her hotel room in Memphis and that a police lieutenant struck her. She also contends that her handcuffs were too tight. The subject of this filing is entirely unrelated to Plaintiff's claims against the defendants named in the original

12

complaint and, therefore, leave to amend is DENIED. <u>See</u> Fed. R. Civ. P. 20(a)(1) (requirements for permissive joinder). If Plaintiff wants to pursue her claims arising from this incident, she must file a new lawsuit.

On March 27, 2012, Plaintiff filed a document, titled "Reiterate Reconsider for Correction & Amend to Add/Amend to Leave." (ECF No. 16.) The case caption adds, as additional parties, the City of Memphis Police Department; Shelby County; Dr. Bilal Ahmed of Memphis Mental Health Institute, which Plaintiff believes is connected to UTMG; Other Known & Unknown Inferior Tribunals; and the Equal Employment Opportunity Commission. (<u>Id.</u> at 1.) Plaintiff cannot amend her complaint to assert claims that are completely unrelated to her claims against the original defendants. Leave to amend is DENIED.

On April 4, 2012, Plaintiff filed a document, titled "Motion To Expedite under Rule 60 Bankruptcy." (ECF No. 17.) The bankruptcy rules are inapplicable to the instant case. The motion to expedite is GRANTED. This order will dispose of the case.[18]

Because every claim asserted by Plaintiff in her complaint and the pertinent amendments has been dismissed, judgment shall be entered for Defendants.

The Court must also consider whether Plaintiff should be allowed to appeal this decision <u>in forma pauperis</u>, should she seek

---

[18] Although it is not reflected on the docket, the Court understands that, on April 10, 2012, Plaintiff approached a member of the Court staff as he was attempting to go to his office. Earlier this year, while the case was still assigned to Chief Judge McCalla, Plaintiff arrived at the courthouse to look for Judge Mays in order to discuss her lawsuit with him.

to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed _in forma pauperis_, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken _in forma pauperis_ if the trial court certifies in writing that it is not taken in good faith."

Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal _in forma pauperis_ must obtain pauper status under Fed. R. App. P. 24(a). _See_ _Callihan v. Schneider_, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed _in forma pauperis_ in the district court, she may also proceed on appeal _in forma pauperis_ without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed _in forma pauperis_ in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. _Coppedge v. United States_, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. _Id._ It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal _in_

14

forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal in forma pauperis. Leave to proceed on appeal in forma pauperis is, therefore, DENIED.[19]

Finally, as previously discussed, this is the tenth lawsuit Plaintiff has filed about her employment by UTMG and the Med. Plaintiff's claims against her former employers were resolved on the merits in case numbers 09-2080 and 09-2081. Since that time, Plaintiff has continued to harass the parties and the Court by filing numerous, duplicative lawsuits against UTMG, The Med, the attorneys and law firms that represented those companies, and the judges who have handled previous suits.

Plaintiff's persistence in filing numerous, similar lawsuits demonstrates a marked propensity to abuse the judicial system in an attempt to harass the defendants and the Court. This Court has the obligation and the authority to prevent this type of abuse. Futernick v. Sumpter Twp., 207 F.3d 305, 314 (6th Cir. 2000); Feathers v. Chevron U.S.A., Inc., 141 F.3d 264, 269 (6th Cir. 1998) ("There is noting unusual about imposing prefiling

---

[19]     If Plaintiff files a notice of appeal, she must also pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

restrictions in matters with a history of repetitive or vexatious litigation."); <u>Filipas v. Lemons</u>, 835 F.2d 1145, 1146 (6th Cir. 1987). The Court has considered the best method of preventing Plaintiff from continuing to abuse the judicial system by repeatedly attempting to litigate the same or similar meritless claims, without also completely precluding her access to the courts. <u>See, e.g.</u>, <u>Tropf v. Fid. Nat'l Title Ins Co.</u>, 289 F.3d 929, 940-41 (6th Cir. 2002).

The Court ORDERS that Plaintiff shall not file any other case in any federal court in which she seeks to assert a claim arising from her employment with UTMG or The Med or concerning case numbers 09-2080, 09-2081, 09-2718, 10-2093, 10-2094, 10-2095, 10-2096, 10-2424, 10-2678, or this case.

Any complaint submitted by Plaintiff in violation of this order will be docketed for statistical purposes only and will be summarily dismissed. The Court will also impose further sanctions against Plaintiff, including a monetary fine. If Plaintiff does not pay the fine, she will be prohibited from litigating any other case in this district. Any new case submitted by Plaintiff while a fine remains unpaid will be docketed for statistical purposes and summarily dismissed. Any case Plaintiff submits to another court that is thereafter removed or transferred to this district will result in the same sanctions as if she had filed it here initially.

Nothing in this order shall be construed as imposing any restrictions on Plaintiff's ability to file a lawsuit that is wholly unrelated to her employment with UTMG or the Med and that is

unrelated to case numbers 09-2080, 09-2081, 09-2718, 10-2093, 10-2094, 10-2095, 10-2096, 10-2424, 10-2678, or this case. This order also does not revoke Plaintiff's ability to proceed in forma pauperis in any unrelated case. Plaintiff is CAUTIONED, however, that, if she continues to file meritless lawsuits, her ability to proceed in forma pauperis may be revoked. If that occurs, Plaintiff will not be able to file any case in this district unless she pays the civil filing fee.

As previously noted, Plaintiff has made two unannounced appearances before this judge. The second appearance occurred after the Court told Plaintiff that her behavior was not appropriate. Plaintiff has also been observed in the building looking for Judge Mays in order to discuss her claims against him and has approached or contacted members of the Court's staff. Plaintiff is BARRED from the Clifford B. Davis and Odell Horton Federal Building unless she needs to file a document with the Clerk or has a conference or hearing scheduled in a pending case. Plaintiff can obtain entry to the building by producing a copy of the setting letter for the hearing or conference or by displaying the documents she seeks to file. If Plaintiff has business in the building, she may visit only the offices necessary to conduct that business. **PLAINTIFF MUST BE ESCORTED BY A COURT SECURITY OFFICER AT ALL TIMES WHENEVER SHE IS IN THE BUILDING.** Plaintiff is responsible for showing the court security officers a copy of this order whenever she seeks to enter

the building.[20] Plaintiff is CAUTIONED that, should she arrive at a scheduled hearing or conference without an escort, the judicial officer may decline to proceed with the hearing or conference and may proceed as if Plaintiff had failed to appear.

The sanctions on Plaintiff's filing privileges imposed in this order will take effect, without further action by the Court, upon expiration of the time for filing a notice of appeal, the dismissal of any appeal, or the affirmation of this Court's decision on appeal, whichever is later. The restrictions on Plaintiff's access to the building will take effect immediately.

IT IS SO ORDERED this 11th day of April, 2012.


**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

---

[20]    The Clerk is directed to provide a copy of this order to the U.S. Marshals Service.